UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAVONTE JOHNSON, | ) |
|     Petitioner, | ) ) ) |
| v. | )   Case No. CIV-24-1149-J |
| STEVEN HARPE, | ) ) ) |
|     Respondent. | ) ) |

## ORDER

Petitioner, a state prisoner appearing pro se, initiated this habeas corpus action under 28 U.S.C. § 2254 in November 2024. (Pet.) [Doc. No. 1]. The Court referred the matter to United States Magistrate Judge Shon T. Erwin for initial proceedings consistent with 28 U.S.C. § 636. [Doc. No. 4]. In December 2024, Judge Erwin filed a Report and Recommendation, recommending the Court dismiss the Petition as untimely. [Doc. No. 8]. Petitioner then filed a Motion to Supplement and two affidavits[1] claiming actual innocence. [Doc. Nos. 9, 11]. In March 2025, this Court granted Petitioner's Motion to Supplement and referred the matter back to Judge Erwin for consideration of Petitioner's actual innocence claims. [Doc. No. 12].

On April 15, 2025, Judge Erwin filed a second Report and Recommendation, again recommending the Court dismiss the Petition as untimely. (R. & R.) [Doc. No. 13]. Petitioner objects, triggering de novo review. (Obj.) [Doc. No. 18]. For the reasons that follow, the Court ADOPTS the second Report and Recommendation.

---

[1] Petitioner filed a third affidavit from the alleged victim, Anthony Tubbs, after Judge Erwin filed his second Report and Recommendation. *See* [Doc. No. 17]. The Court will review Tubbs' affidavit de novo along with the two original affidavits.

1

I.  **Background**[2]

In May 2014, Petitioner pled guilty to using a vehicle to facilitate the intentional discharge of a firearm, for which the Oklahoma district court deferred sentencing until May 2019. In February 2018, the prosecution sought to accelerate the deferred sentence—a request the district court granted, sentencing Petitioner to 27 years' imprisonment. Petitioner appealed,[3] and the Oklahoma Court of Criminal Appeals (OCCA) affirmed. In December 2021, Petitioner sought post-conviction relief, which the district court denied. The OCCA denied Petitioner's appeal as untimely. Petitioner then moved to appeal out of time, a request the state district court and OCCA denied.

II. **Report and Recommendation**

On review, Judge Erwin found that under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations period exists for § 2254 petitions. Applying 28 U.S.C. § 2244(d)(1)(A), Judge Erwin found the Petition untimely. Judge Erwin then concluded that: (1) no basis for statutory or equitable tolling existed; and (2) the Petition's untimeliness was not excused by a showing of Petitioner's actual innocence.

III. **Analysis**

Federal courts may excuse noncompliance with the AEDPA's one-year limitations period if a petitioner presents new evidence that "show[s] actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

---

[2] This procedural background is derived from Petitioner's § 2254 petition and the state-court docket sheet for his underlying criminal case, Case No. CF-2014-2033, and related appeals, Case Nos. F-2018-272, PC-2023-964, and PC-2024-233. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (exercising discretion "to take judicial notice of publicly-filed records . . . that bear directly upon the disposition of the case at hand.").

[3] Just before appealing the acceleration of his sentence, Petitioner moved to withdraw his guilty plea—a request the trial court denied. Pet. at 2.

Petitioner admits his Petition is untimely but objects to the denial of his actual innocence claim, arguing that Judge Erwin erred: (1) in failing to certify the affidavits as new evidence; and (2) in denying the affidavits' credibility.[4]

First, Petitioner asserts that the affidavits represent new evidence of actual innocence as they "[have] not [been] previously presented or heard by the finder of fact[.]" Obj. at 1. However, in the context of actual innocence claims, "new" evidence is "relevant evidence that was either [wrongfully] excluded or unavailable at trial." *Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013). Here, Petitioner states that the affiants "were willing to testify in his favor" if his case went to trial, [Doc. No. 1-1 at 20], indicating that the affidavits' evidence existed in 2014. *See Johnson*, 547 F. App'x at 885 ("[The petitioner] has presented no *new evidence*, he simply argues DNA evidence which existed at the time he pled guilty is evidence of his innocence."). Further, as Petitioner pled guilty, the trial court could not have wrongfully excluded the evidence.

Second, the Court finds that the affidavits fail to meet the high standard of demonstrating Petitioner's actual innocence. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (finding successful actual-innocence gateway pleas rare, arising only "in [] extraordinary case[s]"). Petitioner waited over 10 years to present his "new" evidence, subverting the affidavits' creditability. *See McQuiggin*, 569 U.S. at 392 (stating that an "unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."). Petitioner's guilty plea also undermines the affidavits' creditability. Where a petitioner pleads guilty, courts regularly bar actual innocence claims as any "new" evidence must flatly contradict the petitioner's previous admission of guilt. *See Johnson*, 547 Fed. App'x at 885; *Hilburn v. Rankins,* No. 23-7050, 2024

---

[4] Petitioner does raise a third objection, but the claim merely recycles and combines his first two objections. Obj. at 5.

WL 277683, at *3 (10th Cir. Jan. 25, 2024). Though Petitioner counters that his trial counsel coerced his guilty plea, Obj. at 2, the state district and appellate courts determined differently. R. & R. at 2; *see Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) ("[Petitioner] pled guilty. While he claims that his guilty plea was involuntary and coerced, the state courts rejected that argument, and his plea of guilty simply undermines his claim that another individual committed the crime to which he pled guilty."). Petitioner's guilty plea is simply inconsistent with a credible claim of actual innocence.

### IV.  Conclusion

Having reviewed Petitioner's objections de novo and the unobjected-to portions of the Report and Recommendation for clear error, the Court agrees with Judge Erwin's analysis as to the Petition's untimeliness and the inapplicability of the actual innocence exception. Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 13] and DISMISSES WITH PREJUDICE Petitioner's § 2254 Petition as untimely.[5]

In this case, a certificate of appealability may issue only if Petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the [Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon review, the Court concludes that Petitioner is not entitled to issuance of a certificate of appealability. A certificate of appealability is therefore DENIED.

IT IS SO ORDERED this 30th day of June, 2025.

---

[5] A untimely § 2254 petition should be dismissed with prejudice. *See Taylor v. Martin*, 757 F.3d 1122, 1123 (10th Cir. 2014) (dismissing an untimely § 2254 habeas petition with prejudice).

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE